**EIBAN v. GOVERNMENT OF GUAM.**

**No. 1.**

District Court of Guam
Appellate Division.

Sept. 21, 1953.

**520**

Crain & Phelan, Agana, Guam, for appellant.

Leon D. Flores, Deputy Island Atty., Agana, Guam, for appellee.

Before SHRIVER, Presiding Judge, and McLAUGHLIN and WIIG, Judges.

McLAUGHLIN, Judge.

■ This is an appeal from a judgment of the Island Court of Guam in a criminal case. This court has jurisdiction of appeals from the decisions of the Island Court under the general authority of Section 22(a) [1] of the Organic Act of Guam, 48 U.S.C.A. Sec. 1424(a), as implemented by Section 63 [2] of the Penal Code of Guam, as added by Public Law 17, First Guam Legislature, 1951. Under the provisions of Section 65 [3] of the Penal Code of Guam, as added by

1. Sec. 22. (a) "There is hereby created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam * * * shall have such appellate jurisdiction as the legislature may determine. * * *"

2. "Sec. 63. *Appellate jurisdiction.*—The District Court of Guam shall have jurisdiction of appeals from the judgments, orders and decrees of the Island Court in criminal causes as provided in the Penal Code, Part II, Title VIII, and

in civil causes and proceedings as provided in the Code of Civil Procedure, Part II, Title VIII, Chapter VI, Article II, and Title XII, Chapters I and II, and Part III, Title I, Chapter V, and Title II, Chapter IV, and Title VII, Chapter XII, and the Probate Code, Division III, Chapter XXI, Article IV, and Division IV, Chapter XVI."

3. "Sec. 65. *Appellate division.*—Appeals from the Island Court shall be heard and determined by an appellate division of the District Court, consisting of three judges, of whom two shall constitute a quorum. * * * The judge appointed

Public Law 17, the appellate jurisdiction of this court is to be exercised by an appellate division of the court, consisting of three judges, the judge appointed to the court by the President as presiding judge and two other judges, to be designated by him, who have been assigned to the court by the Chief Justice of the United States pursuant to Section 24 (a)[4] of the Organic Act. Accordingly the appellate division of the court has been constituted by the judge appointed by the President to the court as presiding judge and two United States district judges assigned by the Chief Justice of the United States on October 6, 1952 to sit in the appellate division of the court until June 30, 1953 and thereafter until the conclusion of any appeals then pending and designated by the presiding judge to sit in the appellate division for the determination of this appeal.

Four errors are specified in the taking of this appeal from conviction of possession of dynamite in violation of section 375b of the Penal Code of Guam as amended by Public Law 15. They are in substance as follows:

I and II: Error is claimed to lie in the alleged failure of the court to pronounce and enter its judgment within the time limits outlined by section 1191 of the Penal Code, and in denying a motion for new trial based upon this alleged delay, as provided by section 1202 of the same Code.

III: Related to the above questions is the third specification of error in allegedly pronouncing the judgment without the presence of the defendant, and in subsequently failing to notify him of its existence for about sixteen months.

IV: The fourth specification combines several contentions centered around the idea that no offense under the laws of Guam is charged, and even if an offense is charged, it is a violation of section 375b, whereas the proof adduced, and the sentence imposed are appropriate for some other offense (defined and added to the Code by Public Law 15, and known now as 375c), but excessive for the one actually charged.

*Specifications I, II, and III:*

The record shows that the defendant was arraigned on information on the second of June, 1950, accused of an offense committed on or about May 18, 1950. The record also indicates that trial began on June 12, 1950, but was adjourned after that day until July 11, when the taking of evidence was completed; at all times during the trial it appears that the defendant was present and represented by counsel, A. W. Jackson. The judgment of the court and the imposition of the fine bears the same date as the last day of the taking of evidence, July 11. At the same time, the reporter's transcript shows that the court adjourned sine die for decision, at the close of the cases for both parties.

Upon termination of the trial the court must properly render its decision and pronounce its judgment, and

---

for the court by the President shall be the presiding judge of the appellate division and shall preside therein unless disqualified or otherwise unable to act. The other judges who are to sit in the appellate division at any session shall be designated by the presiding judge from among the judges assigned to the court from time to time by the Chief Justice of the United States pursuant to Section 24(a) of the Organic act of Guam. The concurrence of two judges of the appellate division shall be necessary to any decision by the District Court on the merits of an appeal but the presiding judge alone may make any appropriate orders with respect to an appeal prior

to the hearing and determination thereof on the merits and may dismiss an appeal for want of jurisdiction, or failure to take or prosecute it in accordance with the applicable law or rules of procedure."

4. Sec. 24: (a) " * * * The Chief Justice of the United States may, with the consent of the judge so assigned, assign any United States circuit or district judge to serve as a judge in the District Court of Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court." 48 U.S.C.A. § 1424b(a).

in any event such decision and judgment thereon must be entered not later than three days following the termination of the trial (unless extended by the judge for a maximum of twenty more days): Penal Code of Guam, section 1191. If the judgment is not rendered or pronounced within the time fixed under section 1191, then the defendant shall be entitled to a new trial. Penal Code, section 1202.

■■■ Ordinarily the appellate court will presume that proceedings had in the course of the case were regular and free from error. In order to overcome such presumption, error must be affirmatively shown by the record, and the burden of showing prejudicial error is on the party—usually the accused, complaining of the error: 24 C.J.S., Criminal Law, § 1849, pages 707–710. In the instant case, not only the presumption but the judgment itself, bearing the date of the last day of trial, indicate regularity of the proceedings. On the other hand, the reporter's transcript makes it impossible to conclude that the judgment was pronounced on this day and we have no other record indicating its pronouncement on any other day prior to the date of entry. With all respect due the recollection of the Island Attorney in stating to the court that judgment had been read to the defendant in court a few days after the trial, this Court is bound by the record before it, and that record contains nothing to indicate that such a proceeding was had. We conclude that the transcript rebuts the presumptions and indications of regularity of the proceedings.

■■■ It seems, therefore, that as a result of this apparently illegal delay in pronouncement of and entering of judgment, the defendant was entitled to a new trial under the laws of Guam; denial of this motion to this effect does deprive him of a substantial right through judicial error and requires reversal of the judgment.

Now we turn to a related point: the claim made by the defendant that, even assuming that the judgment was pronounced in time, he was not present in court to hear it. Of course, if our conclusion above is valid we need not make this assumption, since that conclusion was that no such proceeding is reflected by the record. We shall therefore go no further with this specification that to note that section 1193–1 of the Penal requires the presence of the defendant when judgment in the case of a felony is pronounced against him. The court is permitted to render judgment in his absence when the interests of justice require it. While the interests of justice may not often be served by an exception of such an important principle as this, we find in this record neither an indication of the presence of the defendant, nor of the holding of any proceeding at which he might or might not have been present, nor any finding by the court in lieu thereof of facts permitting the conclusion that the interests of justice required its pronouncement in his absence.

*Specification IV:*

This specification in substance claims reversible error in the fact that the offense charged was labelled an "amendment" of 375b of the Penal Code, whereas in fact a new subsection 375c was added by Public Law 15, Ninth Guam Congress, 1949.

■■ Mere clerical errors which do not affect substantial rights should be disregarded: Penal Code, Chapter VII, section 134, 1951. This rule is in harmony with the procedure directed for United States District Courts in Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. This rule provides, "* * * Error in the citation or its omission [in the indictment or information] shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." In the case before us, it appears that the nature of the offense charged was clearly and concisely stated in the information and that no prejudice could have, or did, result from the error in citation of the statute.

While it is the general rule that errors not assigned on appeal will not be considered, exceptions to the rule are well known where the fault appears material or serious. In such case the court may take notice of the problem on its own motion: F.R.Cr.P. Rule 52; 24 C.J.S., Criminal Law, § 1798, page 615; Clinton v. United States, 1945, 80 U.S. App.D.C. 413, 151 F.2d 12. We find, in reading the statute under which the defendant was convicted, two basic elements to the offense: possession of dynamite or other named explosive, and failure to have obtained a permit to possess it from the Chief of Police. The evidence in the record supports a finding that the defendant did possess the explosive, but not one word indicates that he failed to obtain a license or permit as required. As an essential portion of the case of the prosecution, this is a fact which it would be required to prove beyond a reasonable doubt; surely such a fact cannot be established in the complete absence of any evidence on the point, and the conviction therefore cannot stand.

For this reason, as well as the failure to grant the motion for new trial, the judgment is reversed.