AGANA BAY DEVELOPMENT COMPA-
NY (HONG KONG) LTD., Petitioner,

v.

SUPREME COURT OF GUAM,
Respondent,

DILLINGHAM CORPORATION OF the
PACIFIC, Real Party in Interest.

Civil No. 74–177.

District Court of Guam.

Nov. 6, 1974.

Howard G. Trapp, Agana, Guam, for peti-
tioner.

David T. Wood, Asst. Atty. Gen., Govern-
ment of Guam, Agana, Guam, for respon-
dent.

Douglas F. Cushnie, Agana, Guam, for
Dillingham Corp. of the Pacific.

# 594

## OPINION

DUENAS, District Judge.

The Supreme Court of Guam, respondent herein, was established by Public Law 12–85, (Twelfth Guam Legislature), effective July 1, 1974.

On July 12, 1974, the Superior Court of Guam entered an order in the case of *Dillingham Corporation of the Pacific v. Agana Bay Development Company*, Civil Case No. 159–74.

The real party in interest, Dillingham Corporation of the Pacific, filed, on July 19, 1974, a notice of appeal to the Supreme Court of Guam with the Clerk of the Superior Court. On August 28, 1974, the Clerk of the Superior Court transmitted the documents filed in Civil Case No. 159–74 to the respondent Supreme Court of Guam.

Ensuing such transmittal of the record, the Acting Clerk of the Supreme Court, on August 29, 1974, notified the attorney of the real party in interest of the receipt of the record in Civil Case No. 159–74. Supreme Court Civil No. 2–74(A) was assigned to the appeal by the Supreme Court. An appellant's brief was then filed by the real party in interest in the Supreme Court of Guam on September 20, 1974.

On September 25, 1974, petitioner, Agana Bay Development Company (Hong Kong) Ltd., filed a petition in this court demanding that an alternative writ of prohibition issue from this court commanding the Supreme Court of Guam to desist and refrain from taking any further action or proceedings with regard to the appeal taken from the order of partial summary judgment in Superior Court Civil Case No. 159–74, and requiring the respondent court to show cause why a peremptory writ of prohibition should not issue restraining and prohibiting respondent court absolutely and forever from taking any further proceedings in the aforesaid appeal.

An alternative writ of prohibition was issued from this court on September 26, 1974, and respondent court was ordered to show cause before this court, on October 4, 1974, why a peremptory writ of prohibition as demanded should not issue.

On October 4, 1974, a hearing was held and the Attorney General of Guam appeared on behalf of the respondent court. Counsel for the petitioner and the real party in interest also appeared. The real party in interest offered no opposition to the petition. Guam's status as a territory, its judicial structure, and the source of its authority are basic factors relevant to a determination of the issue.

The status of Guam, as a territory and its relationship with the national government, is basically covered by the provisions of Article 4, Section 3, Clause 2, of the Constitution of the United States which provides as follows:

"The Congress shall have power to dispose of and make all needful Rules and Regulations respecting the Territory or other property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State."

■ This provision of the Constitution had been properly construed in the following cases:

"The United States possess sovereignty over the territories of the United States so long as they exist under territorial government. *Territory v. Burgess*, 8 Mont. 57, 19 P. 558. The territories are merely political subdivisions of the outlying dominion of the United States. They bear much the same relations to the general government that counties do to the states, and Congress may legislate for them as states do for their respective municipal organizations. *Cincinnati Soap Co. v. United States*, 301 U.S. 308, 57 S.Ct. 764, 81 L.Ed. 1122; *Talbot v. Silver Bow County*, 139 U.S. 438, 11 S.Ct. 594, 35 L.Ed. 210.

Territory when acquired by treaty becomes the absolute property and domain of the U. S., subject to such conditions as the government, in its diplomatic negotiations, may see fit to accept relating to the rights of the people then inhabiting that

territory . . . Congress may administer its government as it does that of the District of Columbia; it may organize a local territorial government; it may admit it as a state upon an equality with other states . . . In short, when once acquired by treaty, a territory belongs to the U. S. and is subject to the disposition of Congress. *De Lima v. Bidwell*, 182 U.S. 1, 21 S.Ct. 743, 45 L.Ed. 1041.

The convention which framed the Constitution of the U. S., in view of the territory already possessed and the possibility of acquiring more, inserted in that instrument, in Art. 4, Sec. 3, a grant of express power to Congress 'to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the U. S.' *Dorr v. U. S.*, 195 U.S. 138, 24 S.Ct. 808, 49 L.Ed. 128.

Although its power is not without limits, Congress, in the government of the territories, has plenary power, *Inter-Island Steam Nav. Co. v. Hawaii*, 305 U.S. 306, 59 S.Ct. 202, 83 L.Ed. 189, that is to say, it has full and complete legislative authority over the people of the territories and all the departments of the territorial government. *Cincinnati Soap Co. v. U. S.*, 301 U.S. 308, 57 S.Ct. 764, 81 L.Ed. 1122.

The supreme power of Congress over the territories and over the acts of the territorial legislatures established therein is generally expressly reserved in the organic acts establishing governments in said territories. *Church of Jesus Christ of L.D.S. v. U. S.*, 136 U.S. 1, 10 S.Ct. 792, 34 L.Ed. 478."

"Congress has been empowered by the federal Constitution to 'make all needful Rules and Regulations respecting the Territory * * * belonging to the United States.' Therefore, it was competent for Congress to define the jurisdiction of any courts so created in a territory or to empower the territorial legislature to define such jurisdiction. But, of course, if Congress did delegate such authority to the territorial legislature, it

was incumbent upon that body to stay strictly within the limits of the power granted." *Bordenelli v. United States*, 233 F.2d 120, 122 (9th Cir. 1956) (footnotes omitted).

The issue before the court is whether or not the Legislature of Guam exceeded its authority under the Organic Act of 1950, as amended, when it enacted Public Law 12–85 creating the Supreme Court of Guam.

Guam obtained its present status through the Organic Act of 1950, 48 U.S.C., §§ 1421–1424. The Organic Act provided Guam with a civil government composed of three branches. Sections 22, 23 and 24 of the Organic Act established the District Court of Guam. As originally enacted, the Organic Act read:

"Sec. 22. (a) There is hereby created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of title 28, United States Code, and shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam.

"(b) The rules heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of title 28, United States Code, in civil cases; section 2073 of title 28, United States Code, in admiralty cases; sections 3771 and 3772 of title 18, United States Code, criminal cases; and section 30 of the Bankruptcy Act of July 1, 1898, as amended (title 11,

U.S.C., sec. 53), in bankruptcy cases; shall apply to the District Court of Guam and to appeals therefrom."

"Sec. 23. (a) The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the District Court of Guam in all cases involving the Constitution, laws, or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs.

"(b) Any party may appeal to the Supreme Court of the United States from an interlocutory or final judgment, or order of the District Court of Guam, holding an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies or any officer or employee thereof as such officer or employee is a party. A party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as taken directly to the Supreme Court."

"Sec. 24. (a) The President shall, by and with the advice and consent of the Senate, appoint a judge for the District Court of Guam who shall hold office for the term of four years and until his successor is chosen and qualified unless sooner removed by the President for cause. The judge shall receive a salary payable by the United States which shall be the same as the salary of the Governor of Guam as provided by section 26(a) of this Act, and shall be entitled to the benefits of retirement provided in section 373 of title 28, United States Code. The Chief Justice of the United States may, with the consent of the judge so assigned, assign any United States circuit or district judge to serve as a judge in the District Court of Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court.

"(b) The President shall appoint, by and with the advice and consent of the Senate, a United States attorney and United States marshal for Guam to whose offices the provisions of chapters 31 and 33 of title 28, United States Code, respectively, shall apply.

" . . . "

In 1951, Congress repealed Sections 23(a) and 23(b). Congress amended 28 U.S.C.A., § 1257, to include the District Court of Guam as a court from which direct appeals could be taken to the Supreme Court of decisions invalidating Acts of Congress. Therefore, Section 23(b) was no longer necessary.

Congress also amended Sections 1291 and 1294 of Title 28 of the United States Code to provide for a direct appeal from all final decisions of the District Court of Guam to the United States Court of Appeals for the Ninth Circuit. This amendment was necessary after the First Guam Legislature exercised its authority under Section 22(a) of the Organic Act and enacted Public Law 17 which gave the Island Court of Guam original jurisdiction over misdemeanor cases, civil cases in which the value in controversy did not exceed $2,000, and divorce and probate cases. This meant that the District Court had jurisdiction over felonies and civil cases over $2,000. Since Section 23(a) provided the Ninth Circuit with jurisdiction over appeals from only those final decisions of the District Court of Guam involving habeas corpus proceedings and civil cases where the value in controversy exceeded $5,000, Public Law 17, in effect, left the District Court with jurisdiction over felonies and some civil cases from which there was no appeal. This amendment corrected this situation.

In 1951, the First Guam Legislature enacted Public Law 17, which set forth the jurisdiction of the appellate division of the District Court.[1]

---

1. "Sec. 63. *Appellate jurisdiction.*—The District Court of Guam shall have jurisdiction of appeals from the judgments, orders and decrees of the Island Court in criminal causes as

In 1958, Congress enacted Public Law 85–444, amending Sections 22 and 24 of the Organic Act. Through Public Law 85–444, Congress recognized the existence of the Appellate Division of the District Court. By virtue of this amendment, Congress has officially established the Appellate Division of the District Court of Guam.

This amendment left Sections 22 and 24 of the Organic Act as they are now found in Sections 1424 and 1424b of Title 48 of the United States Code:

## "THE JUDICIARY

**§ 1424. *District Court of Guam; jurisdiction; appellate division; rules of procedure***

(a) There is created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have the jurisdiction of a district court of the United States in all causes arising under the Constitution, treaties, and laws of the United States, regardless of the sum or value of the matter in controversy, shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of

provided in the Penal Code, Part II, Title VIII, and in civil causes and proceedings as provided in the Code of Civil Procedure, Part II, Title VIII, Chapter VI, Article II, and Title XII, Chapters I and II, and Part III, Title I, Chapter V, and Title II, Chapter IV, and Title VII, Chapter XII, and the Probate Code, Division III, Chapter XXI, Article IV, and Division IV, Chapter XVI."

"Sec. 65. *Appellate division.*—Appeals from the Island Court shall be heard and determined by an appellate division of the District Court, consisting of three judges, of whom two shall constitute a quorum. The appellate division, when requested by the moving party, shall also hear and determine motions for rehearing or a new trial made after final decision of the District Court in all cases tried originally in that court in which such final decision is not appealable to the United States Court of Appeals for the Ninth Circuit. The judge appointed for the

and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam.

Appeals to the District Court of Guam shall be heard and determined by an appellate division of the court consisting of three judges, of whom two shall constitute a quorum. The judge appointed for the court by the President shall be the presiding judge of the appellate division and shall preside therein unless disqualified or otherwise unable to act. The other judges who are to sit in the appellate division at any session shall be designated by the presiding judge from among the judges assigned to the court from time to time pursuant to section 1424b(a) of this title. The concurrence of two judges shall be necessary to any decision by the District Court of Guam on the merits of an appeal but the presiding judge alone may make any appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits and may dismiss an appeal for want of jurisdiction or failure to take or prosecute it in accordance with the applicable law or rules of procedure.

(b) The rules heretofore or hereafter promulgated and made effective by the Supreme court of the United States pursuant to section 2072 of Title 28, in civil cases; section 2073 of Title 28, in admiralty cases; sections 3771 and 3772 of Title 18, in criminal cases; and section 53 of Title 11, in bankruptcy cases; shall apply to the Dis-

court by the President shall be the presiding judge of the appellate division and shall preside therein unless disqualified or otherwise unable to act. The other judges who are to sit in the appellate division at any session shall be designated by the presiding judge from among the judges assigned to the court from time to time by the Chief Justice of the United States pursuant to Section 24(a) of the Organic Act of Guam. The concurrence of two judges of the appellate division shall be necessary to any decision by the District Court on the merits of an appeal but the presiding judge alone may make any appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits and may dismiss an appeal for want of jurisdiction, or failure to take or prosecute it in accordance with the applicable law or rules of procedure."

trict Court of Guam and to appeals therefrom; except that no provisions of any such rules which authorize or require trial by jury or the prosecution of offenses by indictment by a grand jury instead of by information shall be applicable to the District Court of Guam unless and until made so applicable by laws enacted by the Legislature of Guam, and except further that the terms 'attorney for the government' and 'United States attorney', as used in the Federal Rules of Criminal Procedure, shall, when applicable to cases arising under the laws of Guam, mean the Attorney General of Guam or such other person or persons as may be authorized by the laws of Guam to act therein. As amended Aug. 27, 1954, c. 1017, § 1, 68 Stat. 882; June 4, 1958, Pub.L. 85–444, §§ 1, 2, 72 Stat. 178."

"§ 1424b. *Judge of District Court; appointment, tenure, and compensation; appointment of United States attorney and marshal; applicability of laws*

(a) The President shall, by and with the advise and consent of the Senate, appoint a judge for the District Court of Guam who shall hold office for the term of eight years and until his successor is chosen and qualified unless sooner removed by the President for cause. The judge shall receive a salary payable by the United States which shall be at the rate prescribed for judges of the United States district courts.

The Chief Judge of the Ninth Judicial Circuit of the United States may assign a judge of the Island Court of Guam or a judge of the High Court of the Trust Territory of the Pacific Islands or a circuit or district judge of the ninth circuit, or the Chief Justice of the United States may assign any other United States circuit or district judge with the consent of the judge so assigned and of the chief judge of his circuit, to serve temporarily as a judge in the District Court of Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court.

(b) The President shall appoint, by and with the advice and consent of the Senate, a United States attorney and United States marshal for Guam to whose offices the provisions of chapters 31 and 33 of title 28, United States Code [28 §§ 501–510, 541–556], respectively, shall apply.

(c) The provisions of chapters 43 and 49 of title 28, United States Code [28 §§ 631–639, 751–756], shall apply to the District Court of Guam. (Aug. 1, 1950, c. 512, § 24, 64 Stat. 390; Oct. 31, 1951, c. 655, § 55(a), 65 Stat. 728; June 4, 1958, P.L. 85–444, § 3, 72 Stat. 179.)"

Respondent contends that under the following quoted portion of Section 1424(a), Title 48, U.S.C., (Organic Act of Guam), and more specifically the underlined portion, the Guam Legislature was given the authority to set up the Supreme Court of Guam and to give it whatever jurisdiction it may determine:

" . . . The District Court of Guam . . . shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been *transferred by the legislature to other court or courts established by it,* and *shall have appellate jurisdiction* as the legislature may determine."

This, according to respondent, gives the legislature the authority to determine which decisions of the courts of Guam will be appealed to the District Court, if any, and which decisions will be appealed to other courts created by the legislature.

It is the contention of the petitioner that the legislature could determine what rights of appeal would exist from the courts of Guam, but that where a right of appeal existed, that appeal could only be taken to the appellate division of the District Court of Guam.

The legislative history of Sections 22, 23 and 24 of the Organic Act clears up any doubt as to what Congress intended by establishing the District Court of Guam.

The original bill to provide a civil government for Guam as passed by the House of Representatives, H.R. 7273, provided Guam with a judicial system quite different from the one Guam has actually had since 1950,

as reflected in what transpired in the House of Representatives when H.R. 7273 came up for consideration by said House:

"MR. PETERSON. Mr. Speaker, I call up the bill (H.R. 7273) to provide a civil government for Guam, and for other purposes, and ask unanimous consent that it be considered in the House as in Committee of the Whole.

"The Clerk read the title of the bill.

"The SPEAKER pro tempore. Is there objection to the request of the gentleman from Florida?

"There was no objection.

"The Clerk read the bill, as follows:
" '    .    .    .    .

" 'THE JUDICIARY

" 'Sec. 22. The judicial authority of Guam shall be vested in one supreme court and in such inferior courts as may have been or hereafter may be established under the laws of Guam. The jurisdiction of such courts and the procedure therein shall be prescribed in the laws of Guam. The style of all process in the courts of Guam shall hereafter run in the name of the government of Guam, and all prosecutions shall be carried on in the name and by the authority of the government of Guam. The Governor shall not sit as a judge in any court.

" 'Sec. 23. The supreme court shall consist of a chief justice and two associate justices who shall be appointed by the President of the United States, by and with the advice and consent of the United States Senate, and who shall hold office for a term of 6 years and until their successors have been appointed and qualified, unless sooner removed by the President for cause. No person shall be appointed a justice of the Supreme Court of Guam who has not been a member of the bar of the highest court of a State or Territory of the United States for at least 5 years.

" 'Sec. 24. (a) The judicial district known as the Northern District of California is hereby extended to include Guam, and the jurisdiction of the United States District Court for the Northern District of California as now defined by law shall extend to the whole of such district.

" '(b) The laws of the United States relating to removal of causes as between the courts of the United States and the courts of the several States shall govern as between the United States District Court for the Northern District of California and the courts of Guam.

" '(c) For the purposes of this section, special terms of the district court shall be held in Guam at such times as the judges of that court may deem expedient.

" '(d) The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the Supreme Court of Guam in all cases involving the Constitution, laws, or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs.

" '(e) Any party may appeal to the Supreme Court of the United States from an interlocutory or final judgment, decree, or order of any court of record of Guam, holding an act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies, or any officer or employee thereof, as such officer or employee, is a party. A party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as taken directly to the Supreme Court.

" '    .    .    .    .'
"    .    .    .    .

"The SPEAKER pro tempore. The question is on the engrossment and third reading of the bill.

"The bill was ordered to be engrossed and read a third time, and was read the third time.

"The SPEAKER pro tempore. The question is on the passage of the bill.

"The bill was passed." 96 Cong.Rec. 7574–77 (1950).

Congress originally intended to provide Guam with a Supreme Court; however, the Supreme Court as proposed was not a creation of the legislature but rather a creation of Congress accompanied by numerous checks and controls. As originally proposed, the Organic Act created the Supreme Court of Guam and empowered the legislature to establish inferior courts. Federal control was maintained over the judicial system in Guam in several important respects. One, the three judges of the Supreme Court of Guam were all to be appointed by the President of the United States, by and with the advice and consent of the United States Senate. Two, a person could not be appointed to the Supreme Court of Guam, unless he had been a member of the bar of the highest court of a State or Territory of the United States for at least five years. Three, a direct appeal was made available from the Supreme Court of Guam to the United States Court of Appeals for the Ninth Circuit in habeas corpus proceedings and civil cases arising under the laws of Guam in which the value in controversy exceeded $5,000. Moreover, appeals of all final decisions of the Supreme Court of Guam in cases involving the Constitution, laws, or treaties of the United States went not to the Supreme Court of the United States on a petition for certiorari, but rather went automatically to the U. S. Court of Appeals for the Ninth Circuit. The original Act shows that Congress intended to supervise the judicial branch of government in Guam both through the appointment of judges to the highest court in the territory and the automatic appeal provisions to the U. S. Court of Appeals for the Ninth Circuit.

When the companion bill to H.R. 7273, S. 1892, came before the United States Senate, amendments, drafted with the help of the Honorable Albert B. Maris, Chairman of the Chief Justices' Judicial Conference Committee, were proposed to Sections 22, 23 and 24.

These amendments abandoned the concept of a Supreme Court of Guam and established instead the District Court of Guam:

## "THE AMENDMENTS

"Hearings were held in the winter or spring by the Senate committee on S. 1892, a companion bill to H.R. 7273, as introduced. Based upon matters brought out at those hearings, amendments were made to the bill, in the discussion and drafting of which the members of the Guam Congress and the Attorney General and the Governor of Guam took full part.

"The principal amendments are as follows:

"    .    .    .

"Sections 22, 23, and 24 provide for the creation of the District Court of Guam. This amendment has been discussed above. Its language was worked out with the Administrative Office of the United States Courts, and with the Honorable Albert B. Maris, chairman of the Chief Justice's Judicial Conference Committee.

"    .    .    .

## "REPORTS OF EXECUTIVE AGENCIES

"[T]he comments of the chairman of the Chief Justice's Judicial Conference Committee are set forth in full.

"    '.    .    .

### "UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT,

"Philadelphia 7, Pa.,
July 6, 1950.

"Hon. Joseph C. O'Mahoney,
    United States Senate, Washington,
        D. C.

"Dear Senator O'Mahoney: I am grateful to you for your courtesy in sending me the committee print of S. 1892, the Guam Organic Act, with the proposed amendments submitted by the subcommittee. I am, of course, primarily interested in the provisions relating to the judiciary and I have two definite com-

ments to make with respect to these provisions in the bill as proposed by the subcommittee.

"May I say preliminarily that I observe that it is proposed to create a district court in Guam to have Federal jurisdiction and also such local jurisdiction as may be assigned to it by the local legislature rather than to other local courts. I gather that this is being done somewhat upon the pattern of the District Court of the Virgin Islands created by section 25 of the Organic Act of the Virgin Islands (48 U.S.C.A., sec. 1405x). Under that act the district court has jurisdiction over both Federal and local cases but the local legislature is authorized to provide for the organization of a superior court to which jurisdiction over all non-Federal cases may be transferred. It happens that the Virgin Islands are in our circuit and that I have had occasion to observe the business which comes before the district court there. The fact is that the Federal business coming into the court is comparatively small, the bulk of the court's business involving local cases and the whole amount of business, both Federal and local, not providing an excessive workload for one judge.

"I would assume that the situation in Guam would be roughly analogous to that in the Virgin Islands and that the case load, both Federal and local, would not likely be much greater. If that is so the creation of a district court to consider Federal cases alone would be quite unjustified and it would be much more appropriate to confer upon the district court jurisdiction over local cases generally or over such local cases as are not assigned by the Guam Legislature to some other court created by it.

"Turning to proposed section 22(a) of the bill I note that the District Court of Guam is described as a 'United States district court.' I question whether this is an appropriate description since the court is not being created under the judiciary article of the Constitution, article III, section 1, but rather under article IV, section 3, which gives Congress power to regulate the territory of the United States. Moreover, if, as seems to me inevitable, the major business of the court will be to consider and dispose of local cases the designation is hardly apt. Furthermore, I suggest that the sounder legislative approach to the jurisdictional questions involved in this section would be to confer upon the district court original jurisdiction in all Federal causes and in all other causes in Guam except such as the legislature may assign to other courts. I would, therefore, suggest that section 22(a) read as follows:

" 'Sec. 22. (a) There is hereby created a [United States district] court *of record* to be designated the "District Court of Guam", and the judicial authority of Guam shall be vested in *the District Court of Guam and in* such court or courts [other than the District Court of Guam] as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of title 28, United States Code, and shall have *original jurisdiction* in all other causes in Guam *jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have* such [original or] appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam.'

" '. . .

"I trust that these suggestions may be useful.

"With kind regards, I am,
    "Sincerely yours,
            "ALBERT B. MARIS."

S.Rep.No.2109, 81st Cong., 2d Sess. 5–13 (1950) (brackets, indicating deletions, and italics, indicating additions, by Maris, J.).

"The amendments of a bill in committee are fertile sources of interpretation." *Sec.*

*and Exch. Comm'n v. Robert Collier and Co.*, 76 F.2d 939, 941 (2d Cir. 1935) (Learned Hand, J.).

## 2. "CIVIL GOVERNMENT FOR GUAM

"The Senate proceeded to consider the bill (H.R. 7273) to provide a civil government for Guam, and for other purposes, which had been reported from the Committee on Interior and Insular Affairs with amendments . . . on page 18, after line 12, to strike out:

" 'Sec. 22. The judicial authority of Guam shall be vested in one supreme court and in such inferior courts as may have been or hereafter may be established under the laws of Guam. The jurisdiction of such courts and the procedure therein shall be as prescribed in the laws of Guam. The style of all process in the courts of Guam shall hereafter run in the name of the government of Guam, and all prosecutions shall be carried on in the name and by authority of the government of Guam. The Governor shall not sit as a judge in any court.

" ' 'Sec. 23. The supreme court shall consist of a chief justice and two associate justices who shall be appointed by the President of the United States by and with the advice and consent of the United States Senate, and who shall hold office for a term of 6 years and until their successors have been appointed and qualified, unless sooner removed by the President for cause. No person shall be appointed a justice of the Supreme Court of Guam who has not been a member of the bar of the highest court of a State or Territory of the United States for at least 5 years.

" 'Sec. 24. (a) The judicial district known as the northern district of California is hereby extended to include Guam, and the jurisdiction of the United States District Court for the Northern District of California as now defined by law shall extend to the whole of such district.

" '(b) The laws of the United States relating to removal of causes as between the courts of the United States and the courts of the several States shall govern as between the United States District Court for the Northern District of California and the courts of Guam.

" '(c) For the purposes of this section, special terms of the district court shall be held in Guam at such times as the judges of that court may deem expedient.

" '(d) The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the Supreme Court of Guam in all cases involving the Constitution, laws, or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs.

" '(e) Any party may appeal to the Supreme Court of the United States from an interlocutory or final judgment, decree, or order of any

The Senate adopted the proposed amendments to Sections 22, 23 and 24 and passed Senate Bill 1892.[2]

court of record of Guam, holding an act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies, or any officer or employee thereof, as such officer or employee, is a party. A party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as taken directly to the Supreme Court.'

"And in lieu thereof to insert:

" 'Sec. 22. (a) There is hereby created a court of record to be designated the 'District Court of Guam,' and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of title 28, United States Code, and shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam.

" '(b) The rules heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of title 28, United States Code, in civil cases; section 2073 of title 28, United States Code, in admiralty cases; sections 3771 and 3772 of title 18, United States Code, in criminal cases; and section 30 of the Bankruptcy Act of July 1, 1898, as amended (title 11, U.S.C., sec. 53), in bankruptcy cases, shall apply to the District Court of Guam and to appeals therefrom.

" 'Sec. 23. (a) The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the District Court of Guam in all cases involving the Constitution, laws, or treaties of the United States or any authority exercised thereunder in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs.

" '(b) Any party may appeal to the Supreme Court of the United States from an interlocutory or final judgment, or order of the District Court of Guam, holding an act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies or any officer or employee thereof, as such officer or employee, is a party. A

The House of Representatives considered H.R. 7273 after it had been amended by the Senate and passed it complete with amendments.[3]

party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as taken directly to the Supreme Court.

" 'Sec. 24. (a) The President shall, by and with the advice and consent of the Senate, appoint a judge for the District Court of Guam who shall hold office for the term of 4 years and until his successor is chosen and qualified unless sooner removed by the President for cause. The judge shall receive a salary payable by the United States which shall be the same as the salary of the Governor of Guam as provided by section 26(a) of this act, and shall be entitled to the benefits of retirement provided in section 373 of title 28, United States Code. The Chief Justice of the United States may, with the consent of the judge so assigned, assign any United States circuit or district judge to serve as a judge in the District Court of Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court.

" '(b) The President shall appoint, by and with the advice and consent of the Senate, a United States attorney and United States marshal for Guam to whose offices the provisions of chapters 31 and 33 of title 28, United States Code, respectively, shall apply.

" '(c) The provisions of chapters 21, 41, 43, 49, and 57 of title 28, United States Code, shall apply to the District Court of Guam.'

"  .  .  .

"The amendments were agreed to.

"  .  .  .

"The PRESIDING OFFICER. The question is on the engrossment of the amendments and third reading of the bill.

"The amendments were ordered to be engrossed and the bill to be read a third time.

"The bill was read the third time and passed." 96 Cong.Rec. 11078–82 (1950).

3.     "CIVIL GOVERNMENT FOR GUAM

"On Motion of Mr. Peterson, by unanimous consent, the bill (H.R. 7273) to provide a civil government for Guam, and for other purposes, together with the following amendments of the Senate thereto, was taken from the Speaker's table:

"  .  .  .

"Page 17, strike out all after line 8 over to and including line 9 on page 19 and insert:

"Sec. 22. (a) There is hereby created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of title 28, United States Code, and shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam.

"(b) The rules heretofore or hereafter promulgated and made effective by the Supreme Court of the United States pursuant to section 2072 of title 28, United States Code, in civil cases; section 2073 of title 28, United States Code, in admiralty cases; sections 3771 and 3772 of title 18, United States Code, criminal cases; and section 30 of the Bankruptcy Act of July 1, 1898, as amended (title 11, U.S.C., sec. 53), in bankruptcy cases; shall apply to the District Court of Guam and to appeals therefrom.

"Sec. 23. (a) The United States Court of Appeals for the Ninth Circuit shall have jurisdiction of appeals from all final decisions of the District Court of Guam in all cases involving the Constitution, laws, or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceed $5,000, exclusive of interest and costs.

"(b) Any party may appeal to the Supreme Court of the United States from an interlocutory or final judgment, or order of the District Court of Guam, holding an Act of Congress unconstitutional in any civil action, suit, or proceeding to which the United States or any of its agencies or any officer or employee thereof as such officer or employee is a party. A party who has received notice of appeal under this section shall take any subsequent appeal or cross appeal to the Supreme Court. All appeals or cross appeals taken to other courts prior to such notice shall be treated as taken directly to the Supreme Court.

"Sec. 24. (a) The President shall, by and with the advice and consent of the Senate, appoint a judge for the District Court of Guam who shall hold office for the term of four years and until his successor is chosen and qualified unless sooner removed by the President for cause. The judge shall receive a salary payable by the United States which shall be the same as the salary of the Governor of Guam as provided by section 26(a) of this Act, and shall be entitled to the benefits of retirement provided in section 373 of title 28, United States Code. The Chief Justice of the United States may, with the consent of the judge so assigned, assign any United States circuit or district judge to serve as a judge in the District Court of

What has led to some confusion as to the status of the District Court of Guam was the failure of Congress in 1950 to include any structure for the appellate division. Perhaps, such was not necessary until 1951 when the First Guam Legislature expressed to Judge Maris, their desire to have appeals heard by a panel of three judges rather than simply the judge appointed by the President to the District Court of Guam. Consequently, the First Guam Legislature, with the advice of Judge Maris, who acted as judicial advisor to the territory, was compelled to develop a structure and procedure for the appellate division of the District Court. The legislature enacted Public Law 17.

However, Congress acted to legitimize the structure and improve the procedure of the appellate division in 1958. See 28 U.S. C.A., § 1424 and § 1424b. The comments of Judge Maris, addressed to the Chairman of the Committee on Interior and Insular Affairs, are very enlightening.

> "UNITED STATES COURT OF AP-
> PEALS FOR THE THIRD CIR-
> CUIT,
> Philadelphia, Pa.,
> March 14, 1957.
> "Hon. Clair Engle,
>
> Chairman, Committee on Interior and Insular Affairs, House of Representatives, Washington, D. C.
>
> "Dear Congressman Engle: May I write you in support of H.R. 4215, the bill to amend sections 22 and 24 of the Organic Act of Guam with respect to the district court of that Territory. Having spent 7 weeks on Guam in 1951 as a judicial adviser to the Territorial government in the study and revision of the

Guam whenever it is made to appear that such an assignment is necessary for the proper dispatch of the business of the court.

"(b) The President shall appoint, by and with the advice and consent of the Senate, a United States attorney and United States marshal for Guam to whose offices the provisions of chapters 31 and 33 of title 28, United States Code, respectively, shall apply.

local laws relating to the judiciary, I acquired a firsthand knowledge of judicial problems and procedure of the island. The knowledge thus gained I have endeavored to keep up to date by contacts and correspondence, and I am happy to submit the following comments on the bill in the light of that knowledge and experience.

> " . . .
>
> "Section 22(a) of the Organic Act of Guam also provides that the district court shall have such appellate jurisdiction as the legislature may determine. The local judiciary act, Public Law 17, First Guam Legislature, 1951, which was passed when I was out there, conferred upon the district court broad appellate jurisdiction to review the decisions of the island court of Guam, an inferior court established under the prior naval rule which was continued by that act with municipal, domestic relations, and probate-court jurisdiction. In line with the Guamanian request for a procedure in which appeals would be considered by a court of 3 judges, which as they pointed out is the traditional American method, the local act provided for an appellate division of 3 judges, the regular judge of the court and 2 other judges to be assigned to the court by the Chief Justice of the United States under section 24(a) of the organic act. This appellate division has functioned heretofore through the assignment to it by the Chief Justice of the two district judges from Hawaii. See *Eiban v. Government of Guam,* D.C. (115 F.Supp. 519).
>
> "Section 2 of the bill would incorporate into section 22(a) of the organic act an additional paragraph *recognizing* and making suitable procedural provisions for the appellate division of the district court as it now exists under the local law. *This*

"(c) The provisions of chapters 21, 41, 43, 49, and 57 of title 28, United States Code, shall apply to the District Court of Guam.

" . . .

"When, on motion of Mr. Peterson, said Senate amendments were concurred in." H.R.Jour., 81st Cong., 2d Sess. 683–84 (1950).

*will eliminate any doubt as to the status of the appellate division* and will make it available to be designated hereafter as the appellate court for the Trust Territory of the Pacific Islands, a course which would seem logical and in the public interest since Guam is centrally located in the trust territory area. Congress undoubtedly intended the District Court of Guam to be a judicial bastion of American law and justice in the western Pacific area. The appellate division of the court admirably serves that purpose by providing in that area an appellate tribunal of the accepted American type conveniently accessible to litigants.

"    .    .    .

"Sincerely yours,

"ALBERT B. MARIS."

S.Rep.No.1582, 85th Cong., 2d Sess. (1958), 1958 U.S.Code & Admin.News, pp. 2628–30 (emphasis added).

In Judge Maris' opinion, Congress undoubtedly intended the District Court of Guam to be a judicial bastion of American law and justice in the Western Pacific area.

■ Congress intended to replace their original concept of a Supreme Court of Guam with the District Court of Guam and let the District Court be the appellate court for all other courts established by the legislature. It was never Congress' intention that a court, other than one established by itself, would be the highest court in the Territory of Guam.

What caused Congress to abandon the proposal for the Supreme Court of Guam and to pattern Guam's judicial system after

that of the Virgin Islands was probably a matter of practicality. In the original proposal, Guam would have been placed in the Northern District of California. To expect parties to litigate Federal cases in a forum more than 5,000 miles from their situs would have been impractical if not grossly unreasonable. Moreover, one of the principal purposes of the Organic Act was to provide American business enterprise in the area with a center and a court which would provide the full protection of American laws and legal procedure. The District Court in Hawaii was too distant to serve this purpose.[4]

Yet, as pointed out by Judge Maris in his letter of July 6, 1950, addressed to the Honorable Joseph C. O'Mahoney, a Federal court in Guam would have very little business. Consequently, Congress devised the plan to establish a court which would have combined local and Federal jurisdiction but with the provision that the Legislature of Guam would determine the extent of the District Court's local jurisdiction.

The respondent contends that the Legislature has the authority to vest the appellate jurisdiction of the District Court in another court, a court of its own creation. If one accepts respondent's argument then it must necessarily follow that since its inception under the Organic Act, the legislature has had the authority to vest appellate jurisdiction in a court of its own creation, such as the respondent court, determine the appointment process of the judges of such court, and fix the qualifications of the judges of such court. Such a result is not logical given the fact that Sections 22,

---

4. "A detailed sectional analysis of H.R. 7273 is set forth in the appendix. Three points, however, may require further explanation.

.    .    .    .    .

Another section to which the Senate committee devoted considerable time and thought was that concerning the establishment of a court system on Guam.

Given a period of peace, the growth of Guam as a transportation and commercial center for American interests in the Far East seems almost a foregone conclusion. American business enterprise in the area will want, and need, a center in which it can have the full protection of American laws and legal procedure.

Formerly this need was supplied by the United States Court for China, which had its headquarters in Shanghai, but that court was abolished by the treaty with China ending extraterritoriality. The nearest American court to far eastern economic centers is that in Hawaii, which is 12 or more hours away from Guam by air. If Guam is to afford American business enterprise the protection and stability needed, a court in Guam which will have on-the-spot jurisdiction in matters involving admiralty and business reorganization is clearly indicated. .    .    ." U.S.Code Congressional Service, 81st Congress, Second Session, 1950, P. 2843.

23 and 24 of the Organic Act as originally introduced and passed by the House of Representatives established a Supreme Court of Guam with three justices, appointed by the President of the United States with the advice and consent of the U. S. Senate. Furthermore, the House set minimum qualifications for the justices. Even in the draft of a proposed Organic Act prepared by the Department of the Interior in 1949, Guam was given a Supreme Court consisting of one judge, appointed by the President with the advice and consent of the United States Senate. It is also interesting to note that the United States District Court for the District of Hawaii had appellate jurisdiction over final judgments of the Supreme Court of Guam in certain classes of cases.[5]

Moreover, until 1950, Guam had not developed to the level that it could maintain a civil government. The Organic Act provided Guam with its first civil government. A Governor, appointed to serve a four-year term by the President with the advice and consent of the Senate of the United States, served as the executive. In case of a vacancy in the Office of Governor, the Secretary of Guam, also appointed by the President, assumed the powers and duties of the Governor.

All bills enacted by the legislature were subject to the Governor's veto. However, the Governor's veto could be overridden by a ⅔ majority vote of the legislature. If a bill were so overridden, it was then sent to the President who had complete veto power over the bill.[6]

■ In short, in 1950, Guam was an underdeveloped and isolated possession of the United States which had been ravaged by four years of war, including almost three years of enemy occupation. The Organic Act gave Guam a measure of self-government but that measure of self-government did not include the power to create a Supreme Court of Guam and to vest it with appellate jurisdiction, thus destroying the right to take a direct appeal from Guam to the U. S. Court of Appeals for the Ninth Circuit. The Organic Act established an executive branch of government and a legislative branch of government, both subject to the President through his appointment power and his veto power. Congress has never delegated to the legislature the authority to establish an independent judiciary.

If the respondent's contention is accepted, then Congress must have intended in 1950 to give the legislature the power to establish a Supreme Court, the decisions of which could not be appealed to the Supreme Court of the United States. 28 U.S.C.A., § 1257, provides the method and procedure

---

5. "DEPARTMENT OF THE INTERIOR, OFFICE OF THE SECRETARY, Washington 25, D. C., May 3, 1949.

Hon. Alben W. Barkley,
    President of the Senate.
    MY DEAR MR. PRESIDENT: . . .
    The judicial branch would consist of a supreme court, with a single justice appointed by the President, with the advice and consent of the Senate for a 6-year term, and of such inferior courts as the legislature might create. The judicial district of Hawaii would be extended to include Guam so that the United States District Court for the District of Hawaii would have jurisdiction over certain cases arising in Guam. It would review final judgments of the Supreme Court of Guam in certain classes of cases.

    .    .    .    .    .
        Sincerely yours,
                    J. A. KRUG,
            Secretary of the Interior."

6. § 1423i. *Approval of bills.*

    . . . When a bill is returned by the Governor to the legislature with his objections, the legislature shall enter his objections at large on its journal and proceed to reconsider it. If after such reconsideration, two-thirds of the legislature agree to pass it, it shall be sent to the Governor. If he then approves it, he shall sign it; if not, he shall within ten days transmit it to the President of the United States. If the President of the United States approves it, he shall sign it. If he shall not approve it, he shall return it to the Governor so stating, and it shall not be a law. If he neither approves it nor disapproves it within ninety days from the date of transmittal to him by the Governor, it shall be a law in like manner as if he had signed it. . . ." Aug. 1, 1950, c. 512, § 19, 64 Stat. 389.

of appealing from the final judgments or decrees rendered by the highest court of a State to the Supreme Court. At the time of the enactment of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Congress amended § 1257 to include the District of Columbia Court of Appeals within the term "highest court of a State." In 1961, Congress added § 1258 of Title 28 to the United States Code to provide a method and procedure for appeals from the decisions of the Supreme Court of Puerto Rico to the Supreme Court of the United States.

As created by the legislature, the Supreme Court of Guam is a court which will hear appeals on all final decisions involving actions arising under the laws of Guam, yet the decisions of the Supreme Court will not be reviewable by any other court. It is illogical to assume that Congress intended such a result when it created a civil government for Guam, i. e., that party litigants in Guam should have their rights of judicial review sharply curtailed rather than strengthened.

The Organic Act of Guam was modeled after the organic act of other territories.

"DEPARTMENT OF THE INTERIOR,
OFFICE OF THE SECRETARY,
Washington 25, D.C., May 3, 1949.

Hon. Alben W. Barkley,
President of the Senate.

MY DEAR MR. PRESIDENT:

. . .

In accordance with that recommendation, the enclosed draft of organic legislation for Guam has been prepared, in consultation with the Department of the Navy. The bill is modeled upon the organic acts of the other Territories. It would provide for a local government consisting of the traditional three branches executive, legislative, and judicial, to be under the supervision of such civilian department or agency as the President may direct.

. . . . .

Sincerely yours,
J. A. KRUG,
Secretary of the Interior."

Other territories have had Supreme Courts, but those courts have been created by Congress and accompanied by numerous limitations.

Congress established a supreme court and circuit courts for the Territory of Hawaii in 1900. The appointment of the justices and judges of such courts was made by the President with the advice and consent of the U. S. Senate. 48 U.S.C.A., § 631. Until 1948, appellate jurisdiction for the courts of Hawaii rested with the U. S. Court of Appeals for the Ninth Circuit. 48 U.S.C.A., § 645.

Alaska did not obtain a Supreme Court until statehood. Prior to that, the judicial authority in the Territory of Alaska lay in the District Court for the District of Alaska. 48 U.S.C.A., § 101.

When the United States acquired Puerto Rico in 1898, the territory already had a viable civil government. The court system as it existed was adopted including the Supreme Court of Puerto Rico. However, the President of the United States appointed the chief justice and the associate justices of the supreme court. 48 U.S.C.A., § 861. After Puerto Rico became a commonwealth in 1952, a right of appeal existed from the Supreme Court of the Commonwealth of Puerto Rico to the Court of Appeals of the First Circuit. At the time, the Court of Appeals had jurisdiction to review cases which presented Federal or non-Federal question: In practice, however, in cases involving non-Federal questions, the Court of Appeals would not reverse the Supreme Court of the Commonwealth of Puerto Rico upon a point of local law unless the decision was "inescapably wrong or patently erroneous." In 1961, Congress eliminated this limitation on the Supreme Court of the Commonwealth of Puerto Rico with enactment of Public Law 87–189, which gave the Supreme Court the same status as the highest court of any State of the United States. U.S.Code Congressional and Administrative News, 87th Congress, First Session, 1961, pages 2448–2451.

The judicial system for the Territory of the Virgin Islands was established by Congress before the enactment of the Organic Act of Guam. According to Judge Maris in his letter of July 6, 1950, addressed to Senator Joseph C. O'Mahoney, the District Court of Guam was patterned somewhat upon the District Court of the Virgin Islands. Under the Organic Act of the Virgin Islands, the District Court is superior to all other courts established or hereafter established by local law. 48 U.S.C.A., § 1405x.

For almost all important matters, jurisdiction lies solely in the District Court, 48 U.S.C.A., § 1406. The courts created by local law have only concurrent jurisdiction with the District Court with regard to certain misdemeanors and very minor civil cases. In effect, the Virgin Islands has less authority to alter its judicial system than does Guam. A movement has been underway in the Virgin Islands to influence Congress to amend the Organic Act of the Virgin Islands and provide the territory with a judicial system similar to that provided Guam in its Organic Act. This plan has been formulated with the participation of Senior United States Circuit Judge Albert Branson Maris.[7]

Nowhere in the history of the various territories of the United States has the respondent shown that Congress has granted a territory the power to establish a Supreme Court or to deny the people of that territory recourse to the Supreme Court of the United States. In no known instance has a Supreme Court of a territory been established other than by an Act of Congress.

■ In light of the legislative history of the Organic Act of Guam and the Organic Acts of the various other territories, the phrase "and shall have such appellate jurisdiction as the legislature may determine" must be interpreted to mean that the legislature has the power to determine from which decisions of the territorial courts a right of appeal exists. However, if the legislature creates a right of appeal, such appeal must lie with the District Court of Guam, and from there to the U. S. Court of Appeals for the Ninth Circuit and on to the Supreme Court of the United States.

The Organic Act serves as a Constitution for Guam. As such, it creates the appellate court for the territory but gives the legislature the power to determine what decisions are appealable, the appellate powers of the District Court, and the procedure for taking appeals. The legislature has so provided in Sections 63–67 of the Guam Code of Civil Procedure.

It is not the position of this court that Congress is against the establishment of a Supreme Court. Congress may at this time favor the creation of a supreme court, but it is incumbent upon the legislature and the people of Guam to seek the approval of Congress through an amendment to the Organic Act.

■ It is the finding of this court that all sections of Public Law 12–85, pertaining to the Supreme Court of Guam or the Chief Justice or Associate Justices of the Supreme Court, or which divest in any way the appellate jurisdiction of this court including, but not limited to, Section 2; Section 3, with the exception of those provisions which are added to the Code of Civil Procedure in Sections 64, 66, 67 and 69; Section 12 with regard to the inclusion of the Chief Justice in the Judicial Council; Section 14, with regard to the reference to the Chief Justice; Sections 17, 26, 27, 28, 29, 32, 34, 35, 36, 37, 38, 41, 42, 43, and 44; the references to the justices of the Supreme Court in Section 46; and the sentence referring to the Supreme Court in Section 55 are null and void.

During the pendency of the expected appeal on this decision, final decisions and decrees of the Superior Court of Guam shall be appealed to the District Court in accordance with the rules of appellate procedure promulgated by the Judicial Council on June 1, 1962.

7. Court Modernization in the Virgin Islands by John B. Marsh, JUDICATURE, VOL. 58, NO. 2, August–September 1974, P. 86.

Petitioner is hereby granted his relief. Let Judgment issue.